# In The
# United States Court of Appeals
## For The Fifth Circuit

**UNITED STATES OF AMERICA,**

Plaintiff - Appellee

v.

**CURTIS SQUIRE,**

Defendant - Appellant

**Appeal From The United States District Court
For The Eastern District Of Louisiana**

## GOVERNMENT'S OPPOSITION TO
## PETITION FOR REHEARING EN BANC

**DAVID I. COURCELLE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF LOUISIANA**

**KEVIN G. BOITMANN
Assistant U.S. Attorney, Chief of Appeals**

**PATRICK BARR
Assistant U.S. Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
(504) 680-3029
Attorneys for the United States of America**

**June 29, 2026**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................... ii

TABLE OF AUTHORITIES .............................................................................. iii

STATEMENT OF THE ISSUE...........................................................................1

BACKGROUND .................................................................................................1

ARGUMENT ......................................................................................................2

    I.     The panel's decision does not conflict with precedent from this
          Court, the Supreme Court, or any other circuit. ...................................2

CONCLUSION ...................................................................................................7

CERTIFICATE OF SERVICE AND ECF COMPLIANCE ...................................8

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Baer v. Lynch*, 636 F. App'x 695 (7th Cir. 2016)......................................................3

*Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) ...............................2, 6

*United States v. Branson*, 139 F.4th 475 (5th Cir. 2025) .........................................1

*United States v. Byrd*, No. 25-1742, 2026 WL 1755491
  (8th Cir. June 18, 2026) .........................................................................................3

*United States v. Caldwell*, 25-12616, 2026 WL 1602041
  (11th Cir. June 4, 2026) .........................................................................................3

*United States v. Chesney*, 86 F.3d 564 (6th Cir. 1996) .............................................3

*United States v. Crawford*, No. 23-5429, 2025 WL 3496999
  (6th Cir. December 5, 2025) ...................................................................................3

*United States v. Davis*, 242 F.3d 1162 (9th Cir. 2001)..............................................3

*United States v. Duncan*, No. 24-2729, 2026 WL 1679174 n.10
  (3d Cir. June 10, 2026)...........................................................................................2

*United States v. Edwards*, 142 F.4th 1270 (11th Cir. 2025).....................................3

*United States v. Ervin*, 131 F.4th 253 (4th Cir. 2025)...............................................3

*United States v. Estremera*, 282 F. App'x 935 (2d Cir. 2008) .................................2

*United States v. Green*, No. 24-2921, 2026 WL 509073
  (9th Cir. February 24, 2026) ..................................................................................3

*United States v. Joos*, 638 F.3d 581 (8th Cir. 2011)..................................................3

*United States v. Kuban*, 94 F. 3d 971 .........................................................................7

*United States v. Lopez*, 514 U.S. 549 (1995)........................................................ passim

*United States v. Madison*, No. 24-1477, 2026 WL 113272
  (10th Cir. Jan. 15, 2026) ........................................................................................3

*United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) ........................................3

*United States v. Morrison*, 529 U.S. 598 (2000) ....................................................5, 6

*United States v. Rawls*, 85 F.3d 240 (5th Cir. 1996) ...............................................4

*United States v. Roszkowski*, 700 F.3d 50 (1st Cir. 2012) .......................................2

*United States v. Santiago*, 238 F.3d 213 (2d Cir. 2001) ..........................................2

*United States v. Sidwell*, 440 F.3d 865 (7th Cir. 2006) ...........................................3

*United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001)........................................2

*United States v. Thompson*, 359 F.3d 470 (7th Cir. 2004) .......................................3

*United States v. Wright*, 607 F.3d 708 (11th Cir. 2010)...........................................3

## **Statutes**

18 U.S.C. § 1202(a) ....................................................................................................5

18 U.S.C. § 922(g)(1)...................................................................................................1

18 U.S.C. § 922(q) .......................................................................................................4

42 U.S.C. § 13981 .......................................................................................................5

## **Rules**

Fed. R. App. P. 40.....................................................................................................2, 7

## STATEMENT OF THE ISSUE

Whether the en banc Court should review the panel's holding, Doc. 70-1 (Op.), that Squire's Commerce Clause challenge to 18 U.S.C. § 922(g)(1) is foreclosed.

## BACKGROUND

Squire was indicted on a single count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8). ROA.36. Squire moved to dismiss the indictment as unconstitutional as exceeding Congress's power to regulate interstate commerce, though he acknowledged that argument was foreclosed by this Court's precedent. *See* Op. 2–3; ROA.89–92. The district court denied the motion. ROA.144–56. Squire pleaded guilty. *See* Op. 3; ROA.238–39.

On appeal, Squire again challenged § 922(g)(1) as violating the Commerce Clause while acknowledging that the issue was foreclosed. Doc. 33 (Squire Br.) pp. 60–62. In a published opinion the panel affirmed. Op. 2–3, 20. The panel addressed a separate issue raised by Squire but held his Commerce Clause challenge was foreclosed by *United States v. Branson*, 139 F.4th 475, 478 (5th Cir. 2025), *cert. denied*, No. 25-5565, 2026 WL 135762 (U.S. Jan. 20, 2026). *See* Op. 3 n.1. Squire timely filed a petition for rehearing en banc. Doc. 75 (Pet.).

**ARGUMENT**

**I. The panel's decision does not conflict with precedent from this Court, the Supreme Court, or any other circuit.**

The panel correctly held that Squire's Commerce Clause challenge was foreclosed. Squire fails to show the panel's decision conflicts with a decision of this Court, the Supreme Court, or any other court of appeals. *See* Fed. R. App. P. 40(b)(2)(A), (B), (C). Squire implicitly recognizes the panel's decision is consistent with this Court's jurisprudence by arguing "this Court's § 922(g)(1) precedent is irreconcilable with the [the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549 (1995)]" and that this Court's continued reliance on its precedent is "erroneous" *See* Pet. 2, 9. Therefore, Rule 40(b)(2)(A) does not provide a valid avenue for reconsideration en banc.

Further, Squire does not claim there is a Federal Circuit split that would warrant en banc reconsideration. *See* Pet. 3–16. Indeed, the circuits unanimously reject the Commerce Clause challenges. *See, e.g.*, *United States v. Roszkowski*, 700 F.3d 50, 57–59 (1st Cir. 2012) (also rejecting the argument that *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012) (NFIB), requires reexamination of the issue as discussed *infra*.); *United States v. Estremera*, 282 F. App'x 935, 937–38 (2d Cir. 2008) (citing *United States v. Santiago*, 238 F.3d 213, 217 (2d Cir. 2001)); *United States v. Duncan*, No. 24-2729, 2026 WL 1679174, at *4 n.10 (3d Cir. June 10, 2026) (citing *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001));

*United States v. Ervin*, 131 F.4th 253, 258–59 (4th Cir. 2025); *United States v. Crawford*, No. 23-5429, 2025 WL 3496999, at *1–2 (6th Cir. December 5, 2025) (citing *United States v. Chesney*, 86 F.3d 564, 570 (6th Cir. 1996)); *Baer v. Lynch*, 636 F. App'x 695, 696 (7th Cir. 2016) (citing *United States v. Sidwell*, 440 F.3d 865, 870 (7th Cir. 2006); *United States v. Thompson*, 359 F.3d 470, 480 (7th Cir. 2004)); *United States v. Byrd*, No. 25-1742, 2026 WL 1755491, at *1 (8th Cir. June 18, 2026) (citing *United States v. Joos*, 638 F.3d 581, 586 (8th Cir. 2011)); *United States v. Green*, No. 24-2921, 2026 WL 509073, at *1 (9th Cir. February 24, 2026) (citing *United States v. Davis*, 242 F.3d 1162, 1162–63 (9th Cir. 2001)), *pet. for cert. docketed*, No. 25-7508 (U.S. June 2, 2026); *United States v. Madison*, No. 24-1477, 2026 WL 113272, at *2 (10th Cir. Jan. 15, 2026) (citing *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009)); *United States v. Caldwell*, 25-12616, 2026 WL 1602041, at *1 (11th Cir. June 4, 2026) (citing *United States v. Edwards*, 142 F.4th 1270, 1285 (11th Cir. 2025); *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010)). As such, en banc reconsideration is not warranted under Rule 40(b)(2)(C).

Squire also fails to demonstrate a conflict with Supreme Court precedent warranting reconsideration en banc under Rule 40(b)(2)(B). Squire's claim that *Lopez* and its progeny renders this Court's reliance on *Scarborough v. United States*, 514 U.S. 549 (1977), inappropriate is misplaced. Pet. 3–9. The Supreme

Court has identified "three broad categories of activity that Congress may regulate under its commerce power." *Lopez*, 514 U.S. at 558. First, "Congress may regulate the use of the channels of interstate commerce." *Id.* Second, "Congress is empowered to regulate and protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities." *Id.* And third, "Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce." *Id.* at 558–59. *Scarborough*'s holding that only a "minimal nexus that the firearm have been, at some time, in interstate commerce" relates to *Lopez*'s second category and remains binding authority. *See Scarborough*, 514 U.S. at 577; *see also United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir. 1996) (analyzing the distinction between *Lopez* and *Scarborough*). Nothing in the Supreme Court's subsequent decisions has overturned that holding.

*Lopez* invalidated 18 U.S.C. § 922(q) in part because the statute did not have a "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Lopez*, 514 U.S. at 561. *Lopez* explained the government's contention "that possession of a firearm in a school zone may result in violent crime and that violent crime can be expected to affect the functioning of the national economy" was an insufficient Commerce Clause connection under the third broad category. *Id.* at 564. However, it did not

hold that a showing that the weapon had moved in interstate would have been insufficient under the second category. *Id.* Indeed, it suggested the opposite. *See id.* at 567 ("Respondent was a local student at a local school; there is no indication that he had recently moved in interstate commerce, and there is no requirement that his possession of the firearm have any concrete tie to interstate commerce."); *see also id.* at 562 (noting "[u]nlike [922(g)(1)'s predecessor 18 U.S.C. § 1202(a)], § 922(q) has no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce.").[1] *Lopez* did not reference *Scarborough*'s minimal nexus requirement, let alone impact it in any way. Further, because *Lopez* is dealing with the third category of congressional commerce power and not the second, this Court's precedent on the second category remains valid.

Squire's reliance on *United States v. Morrison*, 529 U.S. 598 (2000) and *NFIB* is likewise misplaced. *Morrison* considered 42 U.S.C. § 13981 and Congress's ability to "provide[] a federal civil remedy for the victims of gender-motivated violence." 529 U.S. at 601–02. Like *Lopez*, the Supreme Court analyzed the issue under the third category of Congressional commerce power. *Morrison*,

---

[1] Like the modern § 922(g)(1), the former § 1202(a) "made it a crime for a felon to receive, possess, or transport in commerce or affecting commerce…any firearm." *Lopez*, 514 U.S. at 561–62.

529 U.S. at 609 ("Petitioners do not contend that these cases fall within either of the first two of these categories of Commerce Clause regulation. They seek to sustain § 13981 as a regulation of activity that substantially affects interstate commerce."). It went on to reject the same argument made in *Lopez*, that a "conduct's aggregate effect on interstate commerce" is sufficient to trigger the Commerce Clause. *Id.* at 617. It does not, however, reject the contention that a firearm that had in interstate commerce is sufficient to trigger Congress's power. *Scarborough*, 514 U.S. at 577.

In *NFIB*, the Supreme Court analyzed the Affordable Care Act's individual mandate in the lens of Congress's ability to regulate commercial "activity." *See* 567 U.S. at 530–31. The scope of *NFIB* was narrow. It held that Congress could not regulate an individual, in the form of a tax, who chose not to engage in the specific economic activity, specifically entering into the health insurance market. *Id.* at 556. Like *Morrison* and *Lopez* before it, *NFIB*'s activity analysis does not impact *Scarbrough's* minimal nexus analysis. Moreover, *NFIB* does not abrogate *Scarborough*, as nothing in the holding states that the knowing possession of a firearm that had traveled in interstate commerce cannot be regulated under the Commerce Clause. *Scarborough*, 514 U.S. at 577.

In short, neither *Morrison* nor *NFIB* holds that Congress cannot regulate a "thing[] in interstate commerce" such as "firearm [that has] been, at some time, in

interstate commerce." *Scarborough*, 514 U.S. at 577. Therefore, this Court's reliance on *Scarborough* is appropriate, and reconsideration en banc based on the Supreme Court's ruling in *Lopez* is not warranted.

Finally, Squire has not claimed, and cannot show, that this case presents an exceptionally important question warranting en banc review. *See* Fed. R. App. P. 40(b)(2)(D); Pet. 3–16. The exact argument Squire makes has been circulating in this Court, it's sister courts, and the Supreme Court for 30 years. *See, e.g.*, *United States v. Kuban*, 94 F. 3d 971, 976–79 (DeMoss, J. dissenting in part) (5th Cir. 1996). Yet no circuit has adopted his argument. This is a settled issue, not an exceptionally important one for which en banc consideration is needed.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should deny Curtis Squire's petition for rehearing en banc.

Respectfully submitted,

DAVID I. COURCELLE
UNITED STATES ATTORNEY

/s/ *Patrick Barr*
PATRICK BARR
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3029
E-Mail: patrick.barr@usdoj.gov

## CERTIFICATE OF SERVICE AND ECF COMPLIANCE

I hereby certify that on this 29th day of June, 2026 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. The following ECF-registered counsel of record was served by Electronic Notice of Docket Activity:

Steven Spires, Steven_Spires@fd.org

I further certify the foregoing document meets the required privacy redactions; that it is an exact copy of the paper document; and the document has been scanned with the most recent version of a commercial virus scanning program and is virus-free.

/s/ *Patrick Barr*
PATRICK BARR